UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHRISTOPHER SMITH, | |
| Petitioner, | |
| v. | CAUSE NO. 3:22-CV-400-JD-MGG |
| WARDEN, | |
| Respondent. | |

## ORDER

Christopher Smith, a prisoner without a lawyer, filed a habeas petition challenging the disciplinary decision (ISP-21-3-134) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of assaulting staff in violation of Indiana Department of Correction Offense 117. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

This is not the first time Smith has filed a habeas petition challenging this disciplinary decision. In *Smith v. Warden*, 3:22-CV-352 (N.D. Ind., dismissed May 4, 2022), the court dismissed a challenge to this disciplinary decision on the basis that Smith failed to exhaust administrative remedies. Pursuant to 28 U.S.C. § 2244(b), "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its

filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). Because the Seventh Circuit Court of Appeals has not authorized Smith to file a successive petition, the court cannot proceed in this case.

Because Smith cannot proceed on an unauthorized successive petition, the court dismisses this case. Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, the court denies Smith a certificate of appealability.

For these reasons, the court:

(1) DISMISSES this case as an attempt to pursue an unauthorized successive petition in violation of 28 U.S.C. § 2244(b)(3)(A);

(2) DENIES Christopher Smith a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on May 23, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT